IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ANTHONY J. SHEARER,                   ◊
                                      ◊
        Petitioner,                   ◊
                                      ◊
VS.                                   ◊        No. 06-1002-T/An
                                      ◊
JERRY VASTBINDER,                     ◊
                                      ◊
        Respondent.                   ◊

_____

ORDER FOR PETITIONER TO ADVISE THE COURT
OF HIS INTENTIONS

_____

        Petitioner Anthony J. Shearer, Tennessee Department of Correction prisoner number

376201, an inmate at the Obion County Jail, filed a *pro se* petition pursuant to 28 U.S.C.

§ 2254 on January 3, 2006.  The Court issued an order on February 2, 2006 that, *inter alia*,

directed the petitioner to submit an *in forma pauperis* affidavit or pay the habeas filing fee.

Shearer paid the habeas filing fee on February 27, 2006.  In addition, on February 22, 2006,

the Clerk filed a letter from Shearer that appears to be an attempt to amend the petition to

raise two additional issues.

I.      STATE COURT PROCEDURAL HISTORY

        Following a jury trial in the Obion County Circuit Court, Shearer was convicted on

or about May 5, 2004 of possession of one-half gram or more of cocaine with the intent to

deliver, which is a Class B felony.  He was sentenced to nine years imprisonment at 30%.

The Tennessee Court of Criminal Appeals affirmed Shearer's conviction and sentence. State v. Shearer, No. W2004-01774-CCA-R3-CD, 2005 WL 1330794 (Tenn. Crim. App. June 6, 2005), *perm. app. denied* (Tenn. Oct. 24, 2005).

Shearer did not file a petition pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122.

II.   PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Shearer raises the following issues:

1.   Whether his conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure;

2.   Whether his conviction was obtained by a violation of the privilege against self incrimination;

3.   Whether his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence to the defendant; and

4.   Whether his conviction was obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

The February 22, 2006 letter from Shearer appears to assert two additional issues:

5.   Whether the trial court erred in not granting a motion for judgment of acquittal on the ground that there was insufficient evidence upon which a rational finder of fact could base a finding of guilt beyond a reasonable doubt; and

6.   Whether the trial court erred in sentencing him to the near-maximum number of years.

III.   ANALYSIS

Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

(1)   An application for a writ of habeas corpus on behalf of a person in

2

custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)   the applicant has exhausted the remedies available in the courts of the State;  or

(B)   (i)    there is an absence of available State corrective process; or

(ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. E.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing § 2254 Cases.  A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure.  28 U.S.C. § 2254(c); Preiser v. Rodriguez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him.  Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" Id. at 163

(quoting Picard, 404 U.S. at 278).  A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief."  Id.

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."  Id.  When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987).  He has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim.  Pillette, 824 F.2d at 497-98.  The claims must be presented to the state courts as a matter of federal law.  "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law.  Coleman v. Thompson, 501 U.S. 722, 734-35 (1991).  If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner ordinarily is barred by this

4

procedural default from seeking federal habeas review.  Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977).  However, the state court need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue.  Smith v. Digmon, 434 U.S. 332 (1978) (per curiam); see also Baldwin v. Reese, 541 U.S. 27, 30-32 (2004) (a federal habeas claim is fairly presented to a state appellate court only if that claim appears in the petitioner's brief).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred.  Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright v. Sykes, 433 U.S. at 87-88; Rust, 17 F.3d at 160.

A petitioner confronted with either variety of procedural default must show cause for the default and that he was prejudiced in order to obtain federal court review of his claim. Teague, 489 U.S. at 297-99; Wainwright v. Sykes, 433 U.S. at 87-88.  Cause for a procedural default depends on some "objective factor external to the defense" that interfered with the petitioner's efforts to comply with the procedural rule.  Coleman, 501 U.S. at 752-53; Murray v. Carrier, 477 U.S. 478, 488 (1986).

A petitioner may avoid the procedural bar, and the necessity of showing cause and prejudice, by demonstrating "that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  The petitioner must show that "'a constitutional violation has probably resulted in the conviction of one who is actually

5

innocent.'"  Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray, 477 U.S. at 496). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Id.

In this case, it does not appear that any of the issues presented in the original petition have been exhausted in state court.  Shearer did, however, apparently exhaust the two issues presented in the February 22, 2006 letter.

The Supreme Court has held that a mixed petition containing both exhausted and unexhausted claims must be dismissed without prejudice in order to afford the state courts the opportunity to address the unexhausted claims.  See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  Alternatively, the petitioner may choose to amend his petition to assert only the exhausted claims.  Id. at 500.  In Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005), the Supreme Court reaffirmed its previous holding in Rose but stated that, in light of the one-year limitations period contained in 28 U.S.C. § 2244(d)(1), which did not exist when the decision in Rose was issued, district courts have discretion, under "limited circumstances," to hold habeas petitions in abeyance while a petitioner is presenting his claims to the state courts.

Accordingly, the petitioner is ORDERED to advise the Court, within thirty days after the date of this order, whether he intends to return to state court to attempt to exhaust the issues set forth in claims 1-4 and, to the extent he chooses not to exhaust those claims, whether he intends to withdraw them from this Court's consideration in order to obtain a decision on the remaining claims in this petition.  The petitioner is cautioned that, if he

chooses not to exhaust claims 1-4 in state court and does not withdraw them from this Court's consideration, this mixed petition must be dismissed without prejudice pursuant to Rose v. Lundy. If the petitioner chooses to exhaust claims 1-4 in state court, the Court will issue an order holding this petition in abeyance, pursuant to Rhines v. Weber, provided that the state postconviction petition is filed in state court within thirty (30) days after the order granting the stay is entered. Failure to respond to this order in a timely manner will result in the dismissal of this mixed petition without prejudice pursuant to Rose v. Lundy.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE